**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-cv-03182-RM-KLM

FOUNDATION LEARNING LLC,

    Plaintiff,

v.

ACADEMIC, ARTS AND ACTION CHARTER ACADEMY,

    Defendant.

---

**ORDER**

---

In this case, the parties' dispute centers on the right to use the name "Valiant Academy." Pending before the Court is *Foundation Learning LLC's Motion to Dismiss Second Counterclaim for Relief.* (ECF No. 35.) Defendant and Counterclaimant Academic, Arts and Action Charter Academy ("A3") filed a response opposing the motion (ECF No. 41); Foundation Learning filed a reply (ECF No. 52). For the reasons stated below, the motion is DENIED.

**I.    BACKGROUND**

The factual background is derived from the allegations in A3's answer and counterclaims. (ECF No. 20.) Both parties provide online educational services in California. (*Id.* at ¶ 16.) At some point in the past, Foundation Learning purchased the assets of Mosaica Education Inc., which included one school in Los Angeles and one in San Diego. (*Id.* at ¶ 12.) Foundation Learning was required to change the names of the schools from "Mosaica" to "Valiant Academy" but did not. (*Id.* at ¶ 16-17.) Foundation Learning and A3 then entered into a Membership Interest Purchase Agreement (the "Agreement") whereby A3 agreed to purchase

"all of the Membership Interests owned by [Foundation Learning]." (ECF No. 20-1 at 7, ¶ 1.) According to A3, the Valiant trade name was part of the goodwill it purchased from Foundation Learning pursuant to the Membership Interests identified in the Agreement. (*Id.* at ¶¶ 18, 19.)

Foundation Learning initiated this trademark action against A3 on December 29, 2017. (ECF No. 1.) The complaint alleges five claims for relief: (1) false designation of origin under 15 U.S.C. § 1125(a); (2) cybersquatting under 15 U.S.C. § 1125(d); (3) common law trademark infringement; (4) common law unfair competition; and (5) deceptive trade practices under Colo. Rev. Stat. § 6-1-105. (*Id.* at 13-18.) On March 7, 2018, A3 answered the complaint, asserted twelve affirmative defenses, and alleged three counterclaims. (*See generally* ECF No. 20.) The second counterclaim for fraudulent inducement is now before the Court.

A3's counterclaim for fraudulent inducement against Foundation Learning alleges that: Foundation Learning represented (in the Agreement and "told" A3) that the schools had been renamed and branded with the Valiant name; A3 relied on such misrepresentations and paid a premium for the company's goodwill in order to obtain the Valiant name; Foundation Learning's representations were material and false; and A3 suffered damage because of the misrepresentations. (*Id.* at ¶¶ 33-41.) Foundation Learning invokes Fed. R. Civ. P. 12(b)(6) to dismiss the fraudulent inducement claim.

## II.     LEGAL STANDARD

The purpose of a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

2

sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (internal quotations and citation omitted).

To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts … to provide 'plausible grounds that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility in this context "must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (internal quotation marks and citation omitted). The "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id*. This requirement of plausibility "serves not only to weed out claims that do not have a reasonable prospect of success, [but also to] provide fair notice to defendants of the actual grounds of the claim against them." *Id*. at 1248; *accord Twombly*, 550 U.S. at 582.

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

### III. ANALYSIS

Foundation Learning moves to dismiss the fraudulent inducement claim on two grounds. First, it contends that A3's allegations are contradicted by the written Agreement, meaning that the contradicted allegations are not well-pled, which makes the claim implausible. (*Id.* at 6-8.) A3 responds that it states a fraudulent inducement claim because the parties "entered into a

3

Letter of Intent," which contained the fraudulent representations, before they entered the Agreement containing the disclaimer. (ECF No. 41 at 4-6.) A3 also maintains that the interpretation and validity of the Agreement are in dispute, which precludes dismissal on the pleadings. (*Id.* at 5-6.) Second, Foundation Learning argues that A3 cannot establish the reasonable reliance element of the claim because, in the Agreement, A3 disclaimed reliance on any representations and warranties not included in the Agreement. (ECF No. 35 at 4-6.) According to Foundation Learning, this means that it was unreasonable, as a matter of law, for A3 to rely on any representation outside of the Agreement that Foundation owned the Valiant Academy trade name. Fundamentally, Foundation Learning argues that the Agreement precludes the filing of the counterclaim. The Court agrees with A3.

A fraudulent inducement claim requires A3 to show: (1) a fraudulent misrepresentation of material fact was made by Foundation Learning; (2) A3 relied on the misrepresentation; (3) A3 had the right to rely on, or was justified in relying on, the misrepresentation; and (4) the reliance resulted in damages. *See M.D.C./Wood, Inc. v. Mortimer*, 866 P.2d 1380, 1382 (Colo. 1994). "[T]he terms of a contract intended to represent a final and complete integration of the parties' agreement are enforceable and parol evidence offered to establish the existence of prior or contemporaneous agreements is inadmissible to vary the terms of such contract." *Keller v. A.O. Smith Harvestore Prods., Inc.*, 819 P.2d 69, 72 (Colo. 1991). But "the mere presence of a general integration clause in an agreement does not bar a claim for negligent or fraudulent misrepresentation." *Id.* at 73. Instead, the disclaimer of reliance must be "couched in clear and specific language." *Id.* at 74.

The alleged misrepresentations are plausibly included in the Agreement; thus, not barred by the parol evidence rule, the integration clause, or other contract clauses. Pursuant to Section

4

4, Foundation Learning "represents and warrants [that it] is the owner of the Membership Interests, free and clear of liens, claims and encumbrances." (ECF No. 20-1 at 9, § 4-4.1.) As the Court reads A3's allegations, the Membership Interests include the trade name "Valiant Academy." (ECF No. 20 at ¶¶ 16-19.) Moreover, such allegations are consistent with the terms of the Agreement because Foundation Learning stated that it was granting A3 "a royalty-free, non-exclusive and limited right to use the trade name 'Valiant Academy.'" (ECF No. 20-1 at 12, § 9.1.) The obvious implication in granting another party the right to use a trade name is that Foundation Learning itself had some interest in the "Valiant Academy" name, which it purported to transfer to A3 as part of the transaction—even if it was only transferring a limited license to use the name. Therefore, it is not clear from the terms of the Agreement, in the context of the pending motion and on the current briefing, that A3 clearly and specifically disclaimed any such reliance on Foundation Learning's representations—to the contrary, Foundation Learning may have expressly represented that it owned the interests being sold or licensed. In any event, the pleadings as a whole are adequate to survive a motion to dismiss.

## IV. CONCLUSION

Based on the foregoing, the Court denies *Foundation Learning LLC's Motion to Dismiss Second Counterclaim for Relief.* (ECF No. 35.)

DATED this 7th day of March, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge